IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| RAYROB ENTERPRISES, INC.; dba § | | CASE NO: 05-11073 |
| AGENCY NURSES AND STAFFING § | | |
| SERVICES § | | |
|     Debtor(s) § | | |
| § | | CHAPTER 7 |
| § | | |
| LISA NICHOLS § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | | ADVERSARY NO. 06-1013 |
| § | | |
| ALAMO STATE BANK, *et al* § | | |
|     Defendant(s) § | | |
| § | | |
| § | | |
| ALAMO BANK OF TEXAS, ALAMO, § | | ADVERSARY NO. 06-1015 |
| TEXAS § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | | |
| § | | CONSOLIDATED UNDER |
| RAYROB ENTERPRISES, INC., *et al* § | | ADVERSARY NO. 06-1013 |
|     Defendant(s) § | | |
| § | | |

## **MEMORANDUM OPINION**

For the reasons set forth below, the Plaintiff's motion for summary judgment [docket no. 29] is granted.

### **Background**

Dina Martin, as owner of Rayrob Enterprises, Inc., opened a checking account, No. 51204517 (the "Account"), at Texas State Bank in the name of Rayrob Enterprises, Inc., on April 15, 2005. The sum of $102,263.82 was deposited into the Account on July 6, 2005. It is

1

undisputed that the source of the $102,263.82 deposit was a personal loan issued by Texas State Bank to Ms. Martin.

On August 18, 2005, Rayrob Enterprises filed a voluntary petition under chapter 7 of the Bankruptcy Code. Ms. Martin signed the petition as President of the Debtor. Ms. Martin also signed the Debtor's schedules as President of the Debtor under penalty of perjury. On Schedule B, the Debtor lists the Account as personal property of the Debtor with a balance of $32,417.00 (the "Funds").

Ms. Martin filed a voluntary petition under chapter 13 of the Bankruptcy Code, Case No. 06-10391, on June 27, 2006. Ms. Martin signed her individual schedules under penalty of perjury. Ms. Martin did not list the Funds in the Account as an asset on Schedule B.

On May 17, 2006, Lisa Nichols, trustee for the Chapter 7 Estate of Rayrob Enterprises, Inc. (the "Trustee"), filed a complaint against Alamo Bank of Texas ("Alamo Bank"), Ms. Martin, and Texas State Bank (Adversary No. 06-1013). The Trustee seeks a judgment that the Funds are property of the Estate and should be turned over to the Trustee. The Trustee further seeks a declaratory judgment to determine the rights of the parties to the Funds in the Account.

On June 19, 2006, Alamo Bank filed a notice of removal with respect to Cause No. 2005-CCL-00892-A, a state court action pending against the Debtor, Ms. Martin, and Texas State Bank in the County Court at Law No. 1 in Cameron County, Texas (Adversary No. 06-1015). Alamo Bank seeks damages against Texas State Bank based upon Texas State Bank's alleged conversion of accounts receivable of the Debtor. Alamo Bank alleges that it had a first priority lien on the Debtor's funds and that Ms. Martin and Texas State Bank were liable for improper use of the funds.

The Court entered an order on September 1, 2006, consolidating Adversary no. 06-1015 with Adversary No. 06-1013.  On that same day, the Court found that Ms. Martin is a party to the consolidated cases.

On November 30, 2006, the Trustee filed a motion for summary judgment, seeking a determination that as a matter of flaw, the Funds in the Debtor's Account are property of the Estate and that Ms. Martin holds no interest in or claim to the funds.

On December 22, 2006, the Trustee filed a motion to approve settlement and compromise of Adversary No. 06-1013 and Adversary No. 05-1015.  An order approving the settlement was entered on January 16, 2007.  The settlement resolved the claims between the Trustee, Alamo Bank, and Texas State Bank.  However, the settlement did not resolve any claim against Ms. Martin and expressly reserved such claims for the Trustee, Alamo Bank or Texas State Bank.

Thus, the only remaining issue in this matter is the Trustee's claims against Ms. Martin for which the Trustee now seeks summary judgment.

**Summary Judgment Standard**

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005).  Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.  At all times, a court views the facts in the light most favorable to the non-moving party.  *Rodriguez v. ConAgra Grocery*

*Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006).  However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis.  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)**.**  A court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000).  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557.  The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005).  When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position.  *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

**Analysis**

The Trustee seeks a determination that the Funds are property of the Estate and that Ms. Martin holds no interest in or claim to the Funds.  The Trustee bears the burden of proving that the property at issue is property of the Estate.  *See*, *e.g.*, *In re Tri-River Trading, LLC*, 329 B.R. 252, 263 (B.A.P. 8th Cir. 2006) (trustee bears initial burden of showing the estate has an ownership interest in the property, then burden shifts to party claiming that the property was removed from the ambit of the estate); *see also In re Heritage Org., LLC*, 350 B.R. 733, 738

(Bankr. N.D. Tex. 2006) (in an action to compel turnover of property of the estate, the trustee bears the initial burden of proving that the property is property of the estate).

The commencement of a voluntary chapter 7 bankruptcy case creates an estate. 11 U.S.C. § 541(a). The estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held. *Id.* Funds held in a debtor's bank account on the date the bankruptcy petition is filed fall within this broad definition. *See*, *e.g.*, *In re Laux*, 181 B.R. 60, 61 n.2 (Bankr. S.D. Ill. 1995). Thus, absent any applicable exception, the Funds contained in the Debtor's Account as of the filing date are property of the Estate.

The Court finds that the Trustee has presented evidence that would entitle her to judgment at trial. The evidence includes copies of bank statements that show that the Account balance was $32,217.09 on August 18, 2005. The evidence further includes the schedules filed by the Debtor and Ms. Martin in their respective bankruptcy cases. The schedules are statements under oath. Attached to both the Debtor's and Ms. Martin's schedules and statement of financial affairs was Ms. Martin's declaration under penalty of perjury that the schedules were true to the best of her knowledge and belief.[1] The Debtor's schedule B lists the Account in the amount of $32,417.09 as property of the Debtor. Ms. Martin's Schedule B lists an account at Alamo Bank as well as Ms. Martin's 100% interest in Rayrob Enterprises, Inc., but does not list the Account.

In further support of her contention, the Trustee offers a copy of Ms. Martin's testimony received at a Rule 2004 examination that occurred on February 27, 2006. Ms. Martin testified as follows:

- Ms. Martin put the proceeds of a personal home equity loan into the Debtor's Account.

---

[1] Ms. Martin, as president, made the declaration under penalty of perjury on behalf of the corporation in the Rayrob Enterprises, Inc. case.

5

- The Debtor did not give Ms. Martin a promissory note or any other writing containing a promise to repay the funds.

- Ms. Martin contributed the funds to the Debtor so that the Debtor could pay its debts.

Ms. Martin did not file a response to the Trustee's motion for summary judgment or offer any evidence to contradict the evidence offered by the Trustee.

Based on the foregoing, the Court finds that the Trustee has met her burden of proof. The evidence demonstrates that the balance of $32,417.09 held in the Debtor's checking account at Texas State Bank, account no. 51204517, on August 18, 2005, is property of the bankruptcy estate.

Ms. Martin has not filed a proof of claim or asserted any claim to the Funds in any adversary proceeding. Accordingly, the Court finds that Ms. Martin has no interest in the Funds.

## Conclusion

Based on the foregoing, the Court finds that the Funds are property of the bankruptcy estate. Ms. Martin has no interest in the Funds. The Plaintiff's motion for summary judgment is granted.

Signed at Houston, Texas, on February 2, 2007.

MARVIN ISGUR
United States Bankruptcy Judge